**Kul Winder SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–72490.

Agency No. A77–850–257.

United States Court of Appeals, Ninth Circuit.

Submitted April 14, 2004.\*\*

Decided May 7, 2004.

---

\* We amend the caption to reflect that John Ashcroft, Attorney General, is the proper respondent pursuant to Fed. R.App. P. 43(c)(2). The Clerk shall amend the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

732

Jeffrey Martins, Law Office of Jeffrey Martins, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John S. Hogan, Luis E. Perez, Washington, DC, for Respondent.

Before WALLACE, KOZINSKI, and THOMAS, Circuit Judges.

MEMORANDUM***

We have jurisdiction over Singh's timely filed petition for review pursuant to 8 U.S.C. § 1252, and we deny the petition.

■ It did not violate Singh's due process rights for the Board of Immigration Appeals (Board) to affirm the immigration judge's (IJ) decision without opinion under 8 C.F.R. § 3.1(a)(7) (now codified at 8 C.F.R. § 1003.1(a)(7)), *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003), and since we review the merits of the IJ's decision, we do not address whether the

regulatory prerequisites for use of the Board's streamlining procedure were met. *Id.* at 855.

■ It was not an abuse of discretion to deny Singh's motion for change of venue. *See Baires v. INS*, 856 F.2d 89, 92 (9th Cir.1988). Singh's conclusory reason for requesting a change of venue—that it would be in the best interests of justice and more convenient for all parties involved since the requested venue is located in the city of his new residence—failed to establish "good cause" in light of other relevant factors. 8 C.F.R. § 3.20(b) (1999) (now codified at 8 C.F.R. § 1003.20(b)). In addition to weighing the inconvenience a last-minute venue change would effect on the court, *see Baires*, 856 F.2d at 92, the IJ also considered that Singh made the motion shortly after the master calendar hearing at which his individual hearing date was scheduled, but never explained why he did not mention his pending move during the calendar hearing. *Cf. id.* at 93 (stating that the IJ can take into account "unreasonable conduct on the part of the alien").

■ It is evident from the record that the IJ did not deny Singh his right to the counsel of his choice, 8 U.S.C. § 1362; *see also* 8 C.F.R. § 3.16(b) (1999) (now codified at 8 C.F.R. § 1003.16(b)), and thus the IJ did not abuse his discretion, *see Castro–O'Ryan v. INS*, 847 F.2d 1307, 1312 (9th Cir.1987), or violate Singh's due process rights, *see Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 875 (9th Cir.2003) (en banc) ("As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him"). The IJ repeatedly told Singh he could be represented by any attorney he wished

***This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

and obtained Singh's express waiver by directly asking if Singh wished to conduct his removal hearing without counsel or continue the hearing a second time. *See Tawadrus v. Ashcroft,* 364 F.3d 1099, 1103, slip op. 4961, 4970 (9th Cir.2004), 364 F.3d 1099, 2004 WL 794529, at *3 (9th Cir. Apr.15, 2004).

Petition DENIED.